UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLETHA A. STEWART,          ) | 1:11-cv-01525-JLT HC |
|                               ) | |
|     Petitioner,   ) | ORDER REQUIRING PETITIONER TO FILE |
|                               ) | AMENDED PETITION |
|   v.                         ) | |
|                               ) | THIRTY DAY DEADLINE |
|                               ) | |
| L. HENSE, Warden,             ) | |
|                               ) | |
|     Respondent.    ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 9, 2011, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1). Petitioner alleges she was convicted on March 29, 1983 in the Los Angeles County Superior Court of felony murder and sentenced to a prison term of twenty-five-years to life with the possibility of parole. (Doc. 1, p. 1). However, Petitioner does not appear to challenge her 1983 conviction; rather, she appears to be challenging the California courts' decisions upholding a decision of the California Board of Parole Hearings ("BPH"), on an undisclosed date, finding Petitioner unsuitable for parole. Petitioner claims that the BPH's decision was not supported by "some evidence," and that the BPH's application of "Marsy's Law" to put off future hearings for a longer period of time violates federal ex post facto guarantees. (Doc. 1, p. 4).

    I. Preliminary Screening of the Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th cir. 1990). Habeas Rule 2(c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420. Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks, 908 F.2d at 491.

Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

II. Failure to State a Claim Cognizable Under Federal Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on September 9, 2011, and thus, it is subject to the provisions of the AEDPA.

A. Substantive Due Process Claims And California's "Some Evidence" Standard

As discussed more fully below, the first claim in the petition sounds exclusively in substantive federal due process and is thus not cognizable in these proceedings.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of

1  Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless
2  he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts
3  shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in
4  custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§
5  2254(a)(, 2241( c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); Wilson v.
6  Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); see also, Rule 1 to the Rules Governing Section
7  2254 Cases in the United States District Court. The Supreme Court has held that "the essence of
8  habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v.
9  Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28
10 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted
11 in a decision that was contrary to, or involved an unreasonable application of, clearly established
12 Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that
13 was based on an unreasonable determination of the facts in light of the evidence presented in the
14 State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

15   Because California's statutory parole scheme guarantees that prisoners will not be denied
16 parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held
17 that California law creates a liberty interest in parole that may be enforced under the Due Process
18 Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d
19 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), *rev'd*, Swarthout v.
20 Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011). The Ninth Circuit instructed
21 reviewing federal district courts to determine whether California's application of California's "some
22 evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light
23 of the evidence. Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

24   On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke,
25 562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011). In that decision, the
26 United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the
27 Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth
28 Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty

1  interest.  Swarthout, 2011 WL 197627, *2.

2      However, the procedures required for a parole determination are the minimal requirements
3  set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct.
4  2100 (1979).[1]  Swarthout v. Cooke, 2011 WL 197627, *2.  In Swarthout, the Court rejected inmates'
5  claims that they were denied a liberty interest because there was an absence of "some evidence" to
6  support the decision to deny parole.  In doing so, the High Court stated as follows:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.)  When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures.  In the context of parole, we have held that the procedures requires are minimal.  In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied.  (Citation omitted.)

Swarthout, 2011 WL 197627, *2.

    The Court concluded that the petitioners had received the due process to which they were due:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied...
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 2011 WL 197627, *3.  The Court went on to expressly point out that California's "some evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause.  Id. at *3.  The Supreme Court emphasized that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business."  Id.

    Swarthout forecloses **any claim** premised upon California's "some evidence" rule because

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the evidence relied upon in coming to the decision.  Id.

this Court cannot entertain substantive due process claims related to a state's application of its own laws. Here, ground one in the instant petition sounds exclusively in substantive due process and is therefore foreclosed by Swarthout. Review of the record for "some evidence," or for a "nexus" between present dangerousness and certain indicia, or reliance upon the circumstances of the commitment offense to support denial of parole, is simply not within the scope of this Court's habeas review under 28 U.S.C. § 2254. Accordingly, such a claim, as presently stated, would have to be summarily dismissed.

Moreover, to the extent that Petitioner's claim rests solely on state law, it is not cognizable on federal habeas corpus. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002). Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

    B.   Procedural Due Process

Petitioner has neither claimed nor established a violation of her federal right to procedural due process in ground one. Equally importantly, Petitioner has failed to include a **transcript of the BPH hearing**. Accordingly, even if Petitioner wished to make a claim of a violation of procedural due process in an amended petition, the Court, without access to the BPH transcript, would be unable to conduct an analysis of whether Petitioner's procedural due process rights have been violated. ***In order for Petitioner to proceed on any such procedural due process claim, it is imperative that she include, along with his amended petition, a full transcript of the BPH's November 25, 2009 hearing in any amended petition.*** It must be emphasized that, in order to proceed with such a claim, it is **Petitioner's burden** to present evidence showing a violation of his procedural due process rights, i.e., either that she was not present at the BPH hearing, that she was not given an opportunity to be heard at the hearing, that she was not represented by counsel, or that she was not given a statement of the Board's reasons for denying parole.

According to the Supreme Court, when all of the above factors are present, this is "the

beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 2011 WL 197627. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Thus, unless Petitioner has some basis to assert that one of those factors has not been met in his case, asserting a procedural due process claim in an amended petition would be frivolous.

In sum, in its present form, ground one in the instant petition is subject to summary dismissal for failure to state a claim for which habeas relief can be granted. If Petitioner wishes to pursue a claim of procedural due process–i.e., failure to attend the hearing or not receiving a statement of reasons for the BPH's decision–she must include with his amended petition a complete transcript of the BPH hearing which she is challenging. ***If Petitioner fails to file an amended petition within thirty days from the date of service of this order, the Court will assume she is conceding that summary dismissal of ground one in the instant petition is appropriate and the Court will, accordingly, summarily dismiss that claim***.

Moreover, the Court cannot properly conduct its preliminary screening function as to ground two, the Marsy's Law contention, unless and until Petitioner files an amended petition containing additional information regarding the date, time, and result of the BPH hearing which she is challenging, and also includes a copy of the hearing transcript so that the Court can review the BPH's decision regarding the scheduling of Petitioner's next hearing date.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1. That Petitioner is granted thirty (30) days from the date of service of this order to file an amended petition. Petitioner is advised that the amended petition should be clearly entitled "Amended Petition for Writ of Habeas Corpus." Petitioner is advised that the petition must set forth his claim(s), including all the facts and arguments in support of said claim(s). With respect to any claims raised in an amended petition, Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court. It is Petitioner's responsibility to advise the Court in his

1 amended petition of the dates when the state courts ruled on the issues Petitioner
2 raised.  <u>The Court will not consider the original petition</u>.   Petitioner is reminded that
3 each claim *must* state a cognizable federal claim.  ***Moreover, if Petitioner wishes to***
4 ***pursue <u>substantive</u> due process claims regarding any BPH hearing, i.e., lack of***
5 ***"some evidence" to support the Board's decision, the arbitrariness of the BPH***
6 ***decision, or the Board's failure to properly find a nexus between present***
7 ***dangerousness and specified factors in Petitioner's background, those claims are***
8 ***subject to summary dismissal pursuant to the United States Supreme Court's***
9 ***decision in <u>Swarthout</u>.  If Petitioner wishes to raise <u>procedural</u> due process claims***
10 ***regarding any BPH hearing, i.e., that Petitioner was not permitted to attend the***
11 ***hearing or speak on his own behalf, or he was not given a statement of reasons for***
12 ***the BPH's decision, she <u>must</u> supply a complete transcript of that hearing in order***
13 ***for this Court to consider such claims***;
14 2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for state
15 prisoners filing pursuant to § 2254.

Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:  **September 16, 2011**                              **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE