UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLETHA A. STEWART, | ) | 1:11-cv-01525-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF THE |
| L. HENSE, Warden, | ) | COURT TO ENTER JUDGMENT AND |
| | ) | CLOSE FILE |
| Respondent. | ) | |
| | ) | ORDER DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 12, 2011, Petitioner filed her written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 9).

On September 9, 2011, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1). Petitioner alleges she was convicted on March 29, 1983 in the Los Angeles County Superior Court of felony murder and sentenced to a prison term of twenty-five-years to life with the possibility of parole. (Doc. 1, p. 1). However, Petitioner does not challenge her 1983 conviction; rather, she challenges the California courts' decisions upholding a decision of the California Board of Parole Hearings ("BPH"), on an undisclosed date, finding Petitioner unsuitable for parole. Petitioner claims that the BPH's decision was not supported by "some evidence," and that the BPH's application of "Marsy's Law" to put off future hearings for a longer period of time violates federal ex post facto

1  guarantees.  (Doc. 1, p. 4).

2          I. <u>Preliminary Screening of the Petition</u>.

3          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also Hendricks v. Vasquez</u>, 908 F.2d 490 (9th cir. 1990).  Habeas Rule 2( c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski</u>, 915 F.2d at 420.  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  <u>Hendricks</u>, 908 F.2d at 491.

         Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u> <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

         On September 19, 2011, the Court, after conducting a preliminary screening of the petition, issued an order requiring Petitioner to file an amended petition that set forth in detail the claims she is making vis-a-vis the decision of the BPH and also attaching a transcript of the parole hearing in order for the Court to make a determination whether the petition stated a claim for which it could grant habeas relief.  (Doc. 7).  In the order, the Court advised Petitioner that, under the United States Supreme Court's decision in <u>Swarthout v. Cooke</u>, 562 U.S.___, 131 S.Ct. 859,  2011 WL 197627 (No. 10-133, Jan. 24, 2011), this Court's review of any due process claims regarding a parole hearing was limited to procedural due process issues, i.e., whether Petitioner had attended the hearing, been afforded an opportunity to speak on his own behalf, and had received notice of the reasons denying

suitability.  The Court also noted that Petitioner bears the burden of alleging cognizable habeas grounds and that Petitioner must include in an amended petition a transcript of the parole suitability hearing in order for the Court to properly determine whether cognizable habeas issues exist.

On October 12, 2011, Petitioner filed an amended petition in which she again challenges a BPH hearing on an unspecified date as well as the application of "Marsy's Law."  (Doc. 8).  Also, once again, Petitioner failed to include a transcript of the parole suitability hearing.  Instead, Petitioner argues in essence that <u>Swarthout</u> did not undertake a sufficient analysis of California's parole system and therefore the precedent prior to <u>Swarthout</u> should still control this Court's analysis.

    II. <u>Failure to State a Claim Cognizable Under Federal Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on September 9, 2011, and thus, it is subject to the provisions of the AEDPA.

    A. <u>Substantive Due Process Claims And California's "Some Evidence" Standard</u>

As discussed more fully below, the first claim in the petition sounds exclusively in substantive federal due process and is thus not cognizable in these proceedings.

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2254(a)(, 2241( c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); <u>see also</u>, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v.</u>

Rodriguez, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause.  Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), *rev'd*, Swarthout v. Cooke, 131 S.Ct. 859, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence.  Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke, characterizing as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty interest.  Swarthout, 131 S.Ct. 861.

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct. 2100 (1979).[1]  Swarthout v. Cooke, 131 S.Ct. 862.  In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole.  In doing so, the High Court stated as follows:

There is no right under the Federal Constitution to be conditionally released before the

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the evidence relied upon in coming to the decision.  Id.

    expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures requires are minimal. In <u>Greenholtz</u>, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

<u>Id.</u>.

The Court concluded that the petitioners had received the due process to which they were due:

    They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied...

    That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

<u>Id</u>. The Court went on to expressly point out that California's "some evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause. <u>Id</u>. at 862-863. The Supreme Court emphasized that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." <u>Id</u>. at 863.

    <u>Swarthout</u> thus forecloses any claim premised upon California's "some evidence" rule because this Court cannot entertain substantive due process claims related to a state's application of its own laws. Here, ground one in the instant petition sounds exclusively in substantive due process and is therefore foreclosed by <u>Swarthout</u>. Review of the record for "some evidence," or for a "nexus" between present dangerousness and certain indicia, or reliance upon the circumstances of the commitment offense to support denial of parole, is simply not within the scope of this Court's habeas review under 28 U.S.C. § 2254. Accordingly, such a claim must be summarily dismissed.

    Moreover, to the extent that Petitioner's claim rests solely on state law, it is not cognizable on federal habeas corpus. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. <u>Wilson v. Corcoran</u>, 562 U.S. ___, 131 S.Ct. 13, 16

1  (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in the
2  application of state law are not cognizable in federal habeas corpus.  <u>Souch v. Schiavo</u>, 289 F.3d
3  616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state
4  law. <u>Oxborrow v. Eikenberry</u>, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).
5         In her amended petition, Petitioner essentially asks this Court to disregard <u>Swarthout</u> because
6  that decision did not "sufficiently" review California's statutory scheme to properly determine the
7  level of due process required in a parole hearing.  (Doc. 8, p. 10).  Petitioner would be better served
8  making such an argument in the U. S. Supreme Court, not in this Court.  This Court is bound by
9  precedent of the United States Supreme Court, and has no authority to consider whether the High
10 Court correctly decided a case.  In other words, this Court is bound by Supreme Court precedent and
11 may not reach a result contrary to that precedent.  Under such circumstances, Petitioner's arguments
12 regarding the merits of <u>Swarthout</u> are of no avail.
13        B.   <u>Procedural Due Process</u>
14        Petitioner has neither claimed nor established a violation of her federal right to procedural
15 due process in ground one.  Equally importantly, Petitioner has failed to include a transcript of the
16 BPH hearing, despite that the Court warned her of the need to include such a transcript in any
17 amended petition she chose to file.  Petitioner was warned that it was her burden to present evidence
18 showing a violation of his procedural due process rights, i.e., either that she was not present at the
19 BPH hearing, that she was not given an opportunity to be heard at the hearing, that she was not
20 represented by counsel, or that she was not given a statement of the Board's reasons for denying
21 parole.  Petitioner was also advised that her failure to provide a transcript of the parole hearing
22 would be construed by this Court as a concession that summary dismissal of ground one is
23 appropriate.  Accordingly, Petitioner's willful refusal to provide a transcript of the challenged parole
24 hearing in her amended filing leaves this Court no alternative but to summarily dismiss ground one
25 for failure to state a cognizable habeas corpus claim.
26        B.   <u>Proposition 9 Violates The Federal Ex Post Facto Clause</u>
27        In ground two, Petitioner contends that Proposition 9, or Marcy's Law, which permits the
28 BPH to delay an inmate's next parole hearing for up to fifteen years, is a violation of the Ex Post

Facto clause of the federal constitution and due process. This ground is also subject to summary dismissal for failure to state a claim upon which habeas corpus relief can be granted.

"The States are prohibited from enacting an ex post facto law." Garner v. Jones, 529 U.S. 244, 249 (2000)(citing U.S. Const., art. I, § 10, cl. 1). "One function of the Ex Post Facto Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." Id. Although retroactive changes in laws governing parole of inmates may violate the Ex Post Facto Clause, "not every retroactive procedural change creating a risk of affecting an inmate's terms or conditions of confinement is prohibited." Id. at 250. A retroactive procedural change violates the Ex Post Facto Clause when it "creates a significant risk of prolonging [an inmate's] incarceration." Id. at 251. A "speculative" or "attenuated" risk of prolonging incarceration is insufficient to establish a violation of the Ex Post Facto Clause. Cal. Dept. Of Corr. V. Morales, 514 U.S. 499, 509 (1995). Thus, in order to establish an Ex Post Facto Clause violation either (1) an inmate must show that Proposition 9, on its face, creates a significant risk of increasing the punishment of California life-term inmates, or (2) the inmate must "demonstrate, by evidence drawn from [Proposition 9's] practical implementation...that its retroactive application will result in a longer period of incarceration than under the [prior law]." Garner, 529 U.S. at 255.

Prior to the enactment of Proposition 9, California law required that a state inmate receive an annual parole hearing unless, when certain circumstances were present, the BPH scheduled the hearing for between two and five years hence. Cal. Pen. Code § 3041.5(b)(2). In 2010, Proposition 9 amended California law to eliminate the annual parole hearing and permit the BPH to schedule future hearings between three and fifteen years hence. Cal. Pen. Code § 3041.5(b)(3)(2010).

In Gilman v. Schwarzenegger, 638 F.3d 1101 (9th Cir. 2011), the Ninth Circuit rejected an inmate's ex post facto challenge to Proposition 9. After noting that "Proposition 9 did not increase the statutory punishment for any particular offense, did not change the date of inmates' initial parole hearings, and did not change the standard by which the Board determined whether inmates were suitable for parole," the Court went on to consider the effect of the greater delays between parole hearings on the inmate's period of incarceration, and concluded that no federal violation occurred:

> Even assuming, without deciding, that the statutory changes decreasing the frequency of scheduled hearings would create a risk of prolonged incarceration, the availability of advance hearings is relevant to whether the changes in the frequency of parole hearings create a significant risk that prisoners will receive a greater punishment. Garner, 529 U.S. at 256-257; Morales, 514 U.S. at 512.
>
> ...
>
> Here, advance hearings are explicitly made available by statute: 'The board may in its discretion...advance a hearing...to an earlier date, when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration of the prisoner.' Cal. Penal Code § 3041.5(b)(4). The Board may exercise its discretion to hold an advance hearing sua sponte or at the request of a prisoner. A prisoner may request an advance hearing by submitting a written request that 'set[s] forth the change in circumstances or new information that establishes a reasonable likelihood that consideration of the public safety does not require the additional period of incarceration." Id. § 3041.5(d)(1). The Board's decision to deny a prisoner's request for an advance hearing is subject to judicial review. Id. § 3041.5(d)(2). Here, as in Morales, an advance hearing by the Board 'would remove any possibility of harm' to prisoners because they would not be required to wait a minimum of three years for a hearing. 514 U.S. at 513.

Gilman, 638 F.3d at 1108-1109.

The Ninth Circuit concluded that "[t]here were no facts in the record from which the district court could infer that Proposition 9 created a significant risk of prolonging Plaintiff's incarceration." Id. at 1110-1111. Since habeas jurisdiction does not exist when the petitioner's challenge does not necessarily result in a reduction of his term of imprisonment, Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent...where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."), ground two is summarily rejected for failure to implicate this Court habeas jurisdiction. Thus, because both grounds for relief must be summarily dismissed, the Court will dismiss the entire petition without prejudice.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a

criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
    (B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The amended petition for writ of habeas corpus (Doc. 8), is SUMMARILY DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **October 19, 2011**　　　　　　　　　　　　　/s/ Jennifer L. Thurston
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE